1  Derek Davis, Esq. (SBN 243957)
   Charles Bolcom (SBN 193762)
2  COOPER & SCULLY, P.C.
   423 Washington Street, Suite 400
3  San Francisco, CA  94111
   Tel:  (415) 956-9700; Fax: (415) 391-0274
4  Email: derek.davis@cooperscully.com
   Email: charles.bolcom@cooperscully.com

5
6  Attorneys for Defendants TARGET CORPORATION
   and GARFIELD BEACH CVS, L.L.C. erroneously
   sued as CVS PHARMACY, INC., and CVS
7  CORPORATION

8                    UNITED STATES DISTRICT COURT

9               NORTHERN OF CALIFORNIA SAN FRANCISCO

10 REMIEL COOPER,                         | Case No.

11           Plaintiff,                   | **DEFENDANTS' NOTICE OF REMOVAL
                                          | TO UNITED STATES DISTRICT COURT
12      vs.                               | NORTHERN DISTRICT OF
                                          | CALIFORNIA**
13 CVS PHARMACY,INC., CVS                 |
   CORPORATION, TARGET                    | Date Action Filed: 10/21/2025
14 CORPORATION, and DOES 1 THROUGH        | Trial Date:  None Set
   30 inclusive                           |
15                                        |
           Defendants.                    |
16

17 TO THE HONORABLE JUDGE OF SAID COURT:

18      COME NOW Defendants who file this Notice of Removal pursuant to 28 U.S.C. §§ 1332

19 and 1441.

20                      **I.      INTRODUCTION**

21      1.     Pursuant to 28 U.S.C. §§ 1332 and 1441, et seq., this civil action is removed from

22 the Superior Court, County of San Francisco, California, where this matter was pending under

23 Case No. CGC-25-630381, *Remiel Cooper v. CVS Pharmacy, Inc., CVS Corporation, Target*

24 *Corporation, et al.* ("State Court Action").

25                      **II.      NATURE OF SUIT**

26      2.     This is a negligence and medical malpractice action.  Plaintiff Remiel Cooper was

27 allegedly a patron of the Garfield Beach CVS, LLC pharmacy located inside a Target store at

28 Stonestown Mall, 285 Winston Drive, San Francisco County, California, on October 24, 2024.

                                        1

Plaintiff allegedly sought to obtain flu and covid vaccinations. Plaintiff allegedly had a discussion with a pharmacist regarding reactions to the vaccinations and Plaintiff allegedly described a history of becoming dizzy. Plaintiff received the vaccinations and then approached the counter for a post-vaccination discussion. Plaintiff allegedly reported dizziness and sat on the floor head down. Plaintiff was asked by the pharmacist to sit in a chair where Plaintiff allegedly fell out of the chair claiming traumatic injuries and damages.

### III.     BASIS FOR FEDERAL JURISDICTION

3.     CVS HEALTH CORPORATION is the parent company of GARFIELD BEACH CVS, L.L.C.; it is now and at the time of the filing of this action, a Rhode Island corporation having its principal place of business in Rhode Island. The citizenship of an L.L.C. and an Incorporated Company are the same as the citizenship of all its members. *Johnson v. Columbia Props. Anchorage, LP*., 437 F.3d 894 (9th Cir. 2006). CVS Pharmacy, Inc., is the sole member of Defendant GARFIELD BEACH CVS, L.L.C., and is a statutory business trust organized under the laws of Rhode Island with its principal place of business in Rhode Island.

4.     Target Corporation is now and at the time of filing this action, a Minnesota corporation having its principal place of business in Minnesota.

5.     Plaintiff REMIEL COOPER, at the time of the filing of this action is a resident of the County of San Francisco, State of California.

6.     The incident allegedly occurred at the Garfield Beach CVS located at a Target store in Stonestown, San Francisco County, California.

7.     There is and has been at all times relevant to this Notice of Removal, complete diversity of citizenship between Plaintiff and Defendants.

8.     Plaintiff seeks medical expenses and pain and suffering damages, and mental anguish. *See*, Plaintiffs' Complaint. *See*, **Exhibit A**.

9.     Plaintiff filed a Civil Case Cover Sheet. *See*, **Exhibit B.**

10.     The original summons on the Complaint was issued on October 21, 2025. *See* **Exhibit C**.

11.     Service of Summons and Complaint on CVS Health Corporation DBA CVS

1    Pharmacy was completed November 6, 2025.  *See* **Exhibit D.**

2        12.    The current San Francisco Superior Court Docket as of the date of filing of this

3    Removal.  *See* **Exhibit E**.

4        13.    This action may be removed to this Court pursuant to 28 U.S.C. §1441(b),

5    because Defendants are not citizens of California, the state in which the action was brought. This

6    action is removable to this Court and venue is proper because this United States District Court,

7    Northern Division, encompasses the place where the state court action was pending. 28 U.S.C.

8    §§ 124(a)(1), 1441(a).

9                    **IV.    TIMELINESS OF REMOVAL**

10        14.    Plaintiff commenced this lawsuit by filing her complaint on October 21, 2025.

11    *See*, **Exhibit A**.

12        15.    Plaintiffs served Defendants on November 6, 2025.  On December 5, 2025,

13    Defendant filed this notice of removal.  This removal is timely because it is filed within 30 days

14    after Defendants were served Plaintiffs' Complaint.

15        16.    Defendant has attached to this Notice of Removal and the documents required by

16    28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

17            A.    Index of all documents filed in the State Court Action.

18            B.    Docket Sheet in the State Court Action.

19            C.    Copies of all process, pleadings and orders filed in State Court.

20            D.    Defendants are filing with the Notice of Removal a completed Civil Cover

21                Sheet, Supplemental Civil Cover Sheet, and Certificate of Interested

22                Persons.

23        17.    Defendants retain the right to supplement the jurisdictional allegations by

24    affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to

25    remand or other filing.

26        18.    Defendants have also filed a Notice of Removal to Adverse Parties. *See*, **Exhibit**

27    **F.**

28        19.    Trial has not been set in the Superior Court, County of San Francisco, California.

3

V.    CONCLUSION

Since diversity jurisdiction exists over Plaintiff's claim and Defendants contend that they have a reasonable belief and basis for the case's value to be in excess of $75,000 in light of Plaintiff's allegations of suffering a traumatic brain injury, chronic headaches, post-concussion syndrome.  Plaintiff seeks loss of mental capacity, loss of earning capacity, loss of earnings and future earnings, and compensation for medical and other expenses, Defendants are entitled to remove the lawsuit filed in the Superior Court, County of San Francisco, California, to the United States District Court for the Northern District of California.

WHEREFORE, Defendants file this Notice of Removal pursuant to and in conformance with the applicable statutory requirements, and removes this action from the Superior Court, County of San Francisco, California.

FURTHER, Defendants pray that Plaintiff takes nothing by this suit against Defendants, that Defendants be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendants may be justly entitled.

Dated: December 5, 2025.                          COOPER & SCULLY, P.C.


By_____
DEREK DAVIS
State Bar Number: 243957
CHARLES BOLCOM
State Bar Number: 193762
COOPER & SCULLY, P.C.
423 Washington Street, Suite 400
San Francisco, California 94111
Tel: 415-956-9700; Fax: 415-391-0274
Email: derek.davis@cooperscully.com
Email:  charles.bolcom@cooperscully.com
Attorneys for Defendants

Notice of Removal to United States District Court Northern District of California Pursuant to 28 USC §§ 1332 and 1441(B)        Court No.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMIEL COOPER, | ) Case No. |
| Plaintiff, | ) |
| vs. | ) **INDEX TO EXHIBITS OF NOTICE OF** |
| | ) **REMOVAL TO FEDERAL COURT** |
| CVS PHARMACY,INC., CVS CORPORATION, TARGET CORPORATION, and DOES 1 THROUGH 30 inclusive | ) Date Action Filed:  10/21/2025 |
| | ) Trial Date:          None Set |
| Defendants. | ) |
| . | ) |

INDEX TO DOCUMENTS FILED IN STATE COURT

| EXHIBITS | DATE | ACTION |
|---|---|---|
| EXHIBIT A | 10/21/2025 | Complaint for Damages |
| EXHIBIT B | 10/21/2025 | Civil Case Cover Sheet |
| EXHIBIT C | 10/21/2025 | Summons |
| EXHIBIT D | 11/06/2025 | Service of Summons and Complaint |
| EXHIBIT E | 11/25/2025 | Register of Actions |
| EXHIBIT F | 11/06/2025 | Notice to Adverse Party of Removal to USDC Northern District |

Dated:  December 5, 2025          By: _____

DEREK DAVIS
State Bar Number: 243957
CHARLES BOLCOM
State Bar Number 193762
COOPER & SCULLY, P.C.
423 Washington Street, Suite 400
San Francisco, California 94111
Tel: 415-956-9700; Fax: 415-391-0274
Email: derek.davis@cooperscully.com
Email: charles.bolcom@cooperscully.com
Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on the 4th   day of December, 2025, a true and correct copy this

document was served on counsel of record via Eservice as follows:

Jonathan E. Gertler
STEBNER GERTLER & GUADAGNI
A PROFESSIONAL LAW CORPORATION
870 Market Street, Suite 1285
San Francisco, CA 94102
Office: (415) 362-9800
Direct: (415) 806-8115
Fax: (415) 362-9801
Email: jon@sgg-lawfirm.com

Attorney for Plaintiff
REMIEL COOPER

_____ /s/ Charles Bolcom _____
DEREK DAVIS
State Bar Number: 243957
CHARLES BOLCOM
State Bar Number 193762
COOPER & SCULLY, P.C.
423 Washington Street, Suite 400
San Francisco, California 94111
Tel: 415-956-9700; Fax: 415-391-0274
Email: derek.davis@cooperscully.com
Email: charles.bolcom@cooperscully.com
Attorneys for Defendants

# PROOF OF SERVICE

*Cooper v Garfield Beach CVS, LLC  et al.*

I am a citizen of the United States, over the age of 18 years, and not a party to the above-entitled action.  I am employed in the City and County of San Francisco, California, with the law firm of Cooper & Scully, A Professional Corporation ("firm"), located at 423 Washington Street, Suite 400, San Francisco, California 94111.  On this date I served the following document(s):

NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 and 1441(B)

on the party(ies) identified below, in the following manner:

☒      **By First Class Mail.**  I am familiar with the firm's practice for collecting and processing correspondence for mailing with the United States Postal Service.  In the ordinary course of business, correspondence is deposited with the United States Postal Service on the same day such correspondence is collected.  I placed true and correct copies of the document(s) listed above in sealed envelope(s) addressed as shown below and affixed with first-class postage.  I caused such envelope(s) to be collected for mailing in accordance with the firm's ordinary business practice.

Jonathan E. Gertler
STEBNER GERTLER & GUADAGNI
A PROFESSIONAL LAW CORPORATION
870 Market Street, Suite 1285
San Francisco, CA 94102
Office: (415) 362-9800
Direct: (415) 806-8115
Fax: (415) 362-9801
Email: jon@sgg-lawfirm.com

Attorney for Plaintiff
REMIEL COOPER

☒      **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed December 5, 2025, at San Francisco, California.

_____
Sally Pincus

Notice of Removal to United States District Court Northern District of California Pursuant to 28 USC §§ 1332 and 1441(B)        Court No.

**EXHIBIT A – PLAINTIFF'S COMPLAINT**

1    **STEBNER GERTLER & GUADAGNI**
     **A PROFESSIONAL LAW CORPORATION**
2    Jonathan E. Gertler (SBN 111531)
     870 Market, Suite 1285
3    San Francisco, CA 94102
     Office: (415) 362-9800
4    Direct: (415) 806-8115
     Fax:    (415) 362-9801
5    jon@sgg-lawfirm.com

6
     *Attorneys for Plaintiff*
7    *Remiel Cooper*

8

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**10/21/2025**
**Clerk of the Court**
BY: MARIVIC VIRAY
              Deputy Clerk

**CGC-25-630381**

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **COUNTY OF SAN FRANCISCO -UNLIMITED JURISDICTION**

11   REMIEL COOPER,                          | Case No:

12             Plaintiff,                    | **COMPLAINT FOR DAMAGES FOR**
                                             | **MEDICAL NEGLIGENCE AND**
13   vs.                                     | **PREMISES LIABLITY**

14

15   CVS PHARMACY, INC., CVS
     CORPORATION, TARGET
16   CORPORATION,  and DOES 1 through
     50, inclusive

17             Defendants.

18

19

20          COMES NOW Plaintiff, Remiel Cooper ("Plaintiff"), and for a cause of action, on

21   information and belief, alleges as follows:

22                               **FACTUAL ALLEGATIONS**

23          1.     At all times herein relevant, Defendant CVS Pharmacy, Inc. and Defendant CVS

24   Corporation (collectively, "CVS") were corporations doing business by operating and/or owning

25   a store and pharmacy within a Target Corporation store ("Target"), on property leased and

26   controlled by Target, at the Stonestown Mall, in the City and County of San Francisco, in the

27   State of California.

28

2.      At all times herein relevant, each of the defendants was acting within the course and scope of its agency/principal relationship with each of the other defendants, and/or within the scope of its joint venture relationship with the other defendants and was authorized to act by each of the other defendants.

3.      At all times herein mentioned, defendant Target Corporation and Does 1-50 were not licensed medical providers, directly or through its employees. Target Corporation and CVS Pharmacy, Inc. and/or CVS Corporation and Does 1-50 were in a joint partnership to provide pharmacy services to Target customers or to customers who came to the subject Target Store at Stonestown Mall, including the administration of vaccinations for various viruses or other conditions, including Flu and Covid.

4.      At all times herein relevant, Target had an independent obligation and non-delegable duty to provide a safe environment to customers who were in its Stonestown store, including those present in order to access vaccinations services through the CVS Pharmacy located there. Target had an independent duty to provide appropriate furniture for visitors who needed to safely sit or lie down to recover from the effects of any vaccination, including the well-known and dangerous condition known as syncope, which is particularly known to lead to falls causing serious injuries, especially traumatic brain injury.

5.      At all times relevant, Defendant Target failed to provide appropriate safe recovery furniture, and/or failed to determine what safe recovery furniture was required, and or failed to provide the appropriate safe recovery furniture requested or recommended by CVS Pharmacy, Inc., or its agents, vendors, or joint venturers.

6.      At all times herein mentioned, Defendants CVS Pharmacy, Inc., CVS Corporation, and Does 1-25, negligently and carelessly supplied, provided, ordered, or recommended, requested or directed that Target provide, recovery furniture which was not safe or suitable for its

10

COMPLAINT FOR DAMAGES FOR MEDICAL NEGLIGENCE AND PREMISES LIABLITY

1   intended purpose, which was to provide a location for patients suffering from syncope or

2   otherwise needing to recover after vaccination to do so safely without risk of falling.

3      7. On or about October 24, 2024, Plaintiff Remiel Cooper entered Target to obtain a

4   Flu and Covid vaccination from the CVS located there. Plaintiff proceeded to the CVS Pharmacy,

5   and a CVS employee, or independent contractor, or agent, acting as a health care provider,

6   physician, pharmacist or pharmacist assistant, or other medical professional (collectively,

7   "pharmacist") performed an intake process with Plaintiff, during which Plaintiff advised said

8   pharmacist or pharmacist assistant in response to a question regarding previous reactions to

9   vaccinations that she had a history of becoming dizzy (known as "syncope") following

10  vaccinations.

11

12     8. Thereafter, the CVS pharmacist administered Covid and flu vaccinations to

13  Plaintiff, while he was sitting in an upright chair, with armrests. Following the vaccination,

14  Plaintiff remained in the chair alone very briefly and was then summoned to the pharmacy

15  counter for a post-vaccination discussion. While at the counter, Plaintiff felt and reported

16  dizziness.  She sat on the floor with her head down, as she'd previously been advised to do if

17  suffering syncope after a vaccination. The pharmacist directed Plaintiff to arise from the floor

18  despite Plaintiff's continuing syncope. Plaintiff was then directed by the pharmacist back to a

19  different chair, upright and with no armrests.Plaintiff was still feeling dizzy as she sat down in

20  this chair. The pharmacist immediately left Plaintiff without asking whether Plaintiff was still

21  dizzy. Almost immediately thereafter, Plaintiff fainted,, and fell off the chair sideways, suffering

22  a traumatic impact with the upper side and front of his heading strikingthe floor. Plaintiff thereby

23

24  suffered a traumatic brain injury, causing  the injuries and damages alleged herein.

25

26     9. By reason of the premises, CVS Pharmacy, Inc. and CVS Corporation and the

27  pharmacist were negligent in the manner in which they 1) failed to take precautions that would

28  prevent Plaintiff or others from falling; 2) managed Plaintiff'syncope after the vaccination,

including but not limited to instructing Plaintiff to arise from his place of safety on the floor and instructing him to sit in an unsafe chair while he was still suffering syncope; 3) leaving Plaintiff alone in a chair not safe or suitable for a patient recovering from syncope rather than staying with him to assure his safety; 4) failing to provide a safe place for a person experiencing syncope to recover safely without risk of falling; 5) and such other and further negligent acts or omissions as may be alleged after the true nature of said acts and omissions are finally ascertained. Said defendants thereby proximately and legally caused Plaintiff's injuries and damages as are herein alleged.

10.     By reason of the premises, Target Corporation breached its duty of reasonable care, and is liable as a joint venturer with CVS Pharmacy, Inc. and/or CVS Corporation, causing the injuries and damages set forth hereinbelow.

11.     By reason of the premises, Plaintiff Remiel Cooper sustained injury to his brain, causing cognitive impairment, chronic headache, post-concussion syndrome, and other injuries and damages as yet unascertained. Plaintiff will seek to amend this complaint when the true extent of damages is finally ascertained.

12.     By reason of the premises, Plaintiff Remiel Cooper has suffered loss of mental capacity, loss of earning capacity, loss of earnings and future earnings, and incurred medical and other expenses. These conditions and losses will continue in the future.

13.     By reason of the premises, Plaintiff Remiel Cooper has suffered pain and suffering, loss of enjoyment, and other items of non-economic damage.

### FIRST CAUSE OF ACTION – ORDINARY NEGLIGENCE
(As To All Named Defendants and Does 1-25)

14.     Plaintiff repeats and realleges each paragraph set forth above as if in set forth in full herein and incorporates by reference said allegations herein.

15.    By reason of the premises, defendants are liable for damages caused by their ordinary negligence as alleged above, which caused the injuries and damages alleged above.

**SECOND CAUSE OF ACTION – MEDICAL NEGLIGENCE**
(As To Defendants CVS Pharmacy, Inc. and Does 1-50)

16.    Plaintiff repeats and realleges each paragraph set forth above as if set forth at length herein and incorporates by reference said allegations herein.

17.    By reasons of the premises, defendants CVS Pharmacy, Inc. and Does 1-50 breached the applicable standard of care for the safe administration of vaccinations and post-vaccination recovery, and are liable for medical negligence, causing the injuries and damages hereinabove alleged.

WHEREFORE, comes now Plaintiff and prays for relief as follows:

1.  For economic damages according to proof;

2.  For non-economic damages according to proof;

3.  For such other and further relief as the Court may deem just and proper.

DATED:  October 21, 2025

STEBNER GERTLER & GUADAGNI
A PROFESSIONAL LAW CORPORATION

By _____
        Jonathan E. Gertler
        *Attorneys for Plaintiffs*

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**   **MAR 25, 2026**

**TIME:**   **10:30 am**

**PLACE:**   **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order   **without an appearance**   at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at https://sf.courts.ca.gov under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**adrcoordinator@sftc.org**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



**Superior Court of California, County of San Francisco**
**Information Sheet**
**Voluntary Expedited Jury Trial Summary**

The San Francisco Superior Court encourages the use of Voluntary Expedited Jury Trials ("EJTs") in appropriate cases.  EJTs provide an excellent opportunity to resolve your client's case in an expeditious and inexpensive way.  Voluntary EJTs are authorized by statute.  CCP §§ 630.01.

EJTs can resolve your entire case **or** a single important case critical issue that, once adjudicated, can promote resolution of the entire case (for example: course and scope of employment, causation of an injury, whether a contract was formed, etc.)  EJTs promote equal access to civil justice as they are less expensive, consume fewer courtroom days, provide flexibility throughout, encourage high/low agreements to limit risk, and feature streamlined pre-trial procedures.

These are highlights of an EJT (C.C.P. §§ 630.01 et seq. and Rules of Court 3.1549 - 3.1553):

- Parties encouraged to submit a joint jury questionnaire;

- 8 jurors (6 must agree);

- 3 peremptory challenges per side;

- 5-hour time limit per side <u>unless agreed otherwise and approved;</u>

- One to two court days completion <u>unless agreed otherwise and approved;</u>

- Option to present evidence by stipulation and objection;

- High/low arrangement option;

- Limited appeal (misconduct by judge or jury substantially affecting parties' rights or corruption, or bad faith.)

If the parties agree to the Voluntary EJT, they should file and serve the completed and signed (Proposed) Consent Order for Voluntary Expedited Jury Trial, Judicial Council Form EJT-020.



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Information Package**



The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to
respond to a complaint or cross-complaint\*\***

**WHAT ARE THE ADR OPTIONS?**

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1) MANDATORY SETTLEMENT CONFERENCES**

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

**2) MEDIATION**

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

   **(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF):** The ADR DEPARTMENT OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF), in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. BASF's panel of experienced, professional and impartial mediators work with parties to help them arrive at mutually agreeable solutions. Parties can select their mediator from the website www.sfbar.org/mediation or BASF can assist with mediator selection. BASF pre-screens all mediators based upon strict educational and experience requirements and handles administrative matters, including conflict checks and case management. BASF charges an initial fee of $295 per party, which covers (1) BASF's administration costs, (2) the first hour of preparation time, and (3) the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate, which varies depending on the mediator selected. Waivers of BASF's fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

   **(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco  Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional  malpractice, insurance coverage,  toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program.  A preference for a specific judge may be indicated.  The court will coordinate assignment of cases for the program.  There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

   **(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

   **(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

## 3)  ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

### (A)  JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication  that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration.  (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule  4.1 allows  for mediation  in lieu of judicial arbitration,  so long  as the parties  file a stipulation  to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

### (B)  PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be  resolved  through private   arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
adrcoordinator@sftc.org
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT.  YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS.   THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*) | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR *(Name):* | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: _____ |
|---|---|
| | **DEPARTMENT 610** |

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of$295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. https://sf.courts.ca.gov/ divisions/civil-division/alternative-dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days ☐ 90-120 days ☐ Other (please specify)
_____

☐ **Other ADR process** (describe) _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____
3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  04/24  **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

**EXHIBIT B – STATE COURT CIVIL CASE COVER SHEET**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jonathan E. Gertler, Esq.  SBN 111531) | *FOR COURT USE ONLY* |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jonathan E. Gertler, Esq.  SBN 111531)
Stebner, Gertler & Guadagni, 870 Market, Suite 1285, San Francisco, CA 94102

TELEPHONE NO.: (415) 806-8115         FAX NO. : (415) 362-9801
EMAIL ADDRESS: jon@sgg-lawfirm.com
ATTORNEY FOR *(Name):*  Plaintiff, Remiel Cooper

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME:

CASE NAME:
Remiel Cooper vs. CVS Pharmacy, Inc., et al.

*FOR COURT USE ONLY*

**ELECTRONICALLY**

**F I L E D**

*Superior Court of California,
County of San Francisco*

**10/21/2025
Clerk of the Court**
BY: MARIVIC VIRAY
Deputy Clerk

**CGC-25-630381**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) | [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder |
| | | JUDGE: |

Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[x] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation
(Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Two
5. This case [ ] is  [x] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 21, 2025
Jonathan Gertler, Esq.
_____
(TYPE OR PRINT NAME)

▶ *(signature)*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**
Exhibit B - Page 21

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                          CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**EXHIBIT C - SUMMONS**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CVS PHARMACY, INC., CVS CORPORATION, TARGET CORPORATION,  and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REMIEL COOPER

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Francisco Superior Court<br><br>400 McAllister St., San Francisco 94102 | CASE NUMBER:<br>*(Número del Caso):*<br><br>**CGC-25-630381** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan E. Gertler, Stebner Gertler & Guadagni, 870 Market Street, Ste. 1285, San Francisco, CA 94102 (415) 806-8115

| DATE:<br>*(Fecha)* **10/21/2025** | Clerk, by<br>*(Secretario)* **MARIVIC VIRAY** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1.  ☐ as an individual defendant.
2.  ☐ as the person sued under the fictitious name of *(specify):*

3.  ☒ on behalf of *(specify):* **CVS PHARMACY, INC.**
    under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4.  ☒ by personal delivery on *(date):* 11/6/25

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Exhibit C - Page 24
Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]    [ Save this form ]    [ Clear this form ]

**EXHIBIT D – SERVICE OF SUMMONS & COMPLAINT**

**Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**    Serviceof Process
CVS HEALTH COMPANIES
1 CVS DR MAIL CODE 1160
WOONSOCKET, RI 02895-6146

**RE:**    **Process Served in California**

**FOR:**   CVS Pharmacy, Inc.  (Domestic State: RI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: REMIEL COOPER // To: CVS Pharmacy, Inc. |
| **CASE #:** | CGC25630381 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 11/06/2025 at 11:03 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/07/2025, Expected Purge Date: 11/12/2025 |
| | Image SOP |
| | Email Notification,  Serviceof Process  service_of_process@cvs.com |
| | Email Notification,  Amy Lawrence  cls-ctsopsupport@wolterskluwer.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 877-564-7529 |
| | MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**                          Thu, Nov 6, 2025
**Server Name:**                   Bruce Anderson

| Entity Served | CVS PHARMACY, INC. |
|---|---|
| Case Number | CGC-25-630381 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CVS PHARMACY, INC., CVS CORPORATION, TARGET CORPORATION, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REMIEL COOPER

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Francisco Superior Court<br><br>400 McAllister St., San Francisco 94102 | CASE NUMBER:<br>*(Número del Caso):*<br><br>**CGC-25-630381** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan E. Gertler, Stebner Gertler & Guadagni, 870 Market Street, Ste. 1285, San Francisco, CA 94102 (415) 806-8115

| DATE:<br>*(Fecha)* **10/21/2025** | Clerk, by<br>*(Secretario)* **MARIVIC VIRAY** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **CVS PHARMACY, INC.**

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)       ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11/6/25

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**
28

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ **Print this form** ] [ **Save this form** ] [ **Clear this form** ]

**EXHIBIT E – SAN FRANCISCO SUPERIOR COURT DOCKET**

Contact Us

### THE SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SAN FRANCISCO

Case Number: CGC25630381
Title: REMIEL COOPER VS. CVS PHARMACY, INC. ET AL
Cause of Action: MALPRACTICE - MEDICAL/DENTAL
Generated: 2025-11-25 9:12 am

Register of Actions   Parties   Attorneys   Calendar   Payments   Documents

**Please Note: The "View" document links on this web page are valid until 9:22:19 am**
**After that, please refresh your web browser. (by pressing Command +R for Mac, pressing F5 for Windows or clicking the refresh button on your web browser)**

# Register of Actions

Show [ 10 ] entries      Search: [_____]

| Date | Proceedings | Document | Fee |
|---|---|---|---|
| 2025-10-22 | SUMMONS ISSUED (TRANSACTION ID # 77414843) TO PLAINTIFF COOPER, REMIEL | View | |
| 2025-10-21 | NOTICE TO PLAINTIFF | View | |
| 2025-10-21 | CIVIL CASE COVERSHEET FILED (TRANSACTION ID # 77414843) FILED BY PLAINTIFF COOPER, REMIEL | View | |
| 2025-10-21 | MALPRACTICE - MEDICAL/DENTAL, COMPLAINT (TRANSACTION ID # 77414843) FILED BY PLAINTIFF COOPER, REMIEL AS TO DEFENDANT CVS PHARMACY, INC. CVS CORPORATION TARGET CORPORATION DOES 1 THROUGH 50, INCLUSIVE NO SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET NOT FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR MAR-25-2026 PROOF OF SERVICE DUE ON DEC-22-2025 CASE MANAGEMENT STATEMENT DUE ON MAR-02-2026 | View | $435.00 |

Showing 1 to 4 of 4 entries      Previous   [ 1 ]   Next

Exhibit E - Page 30

**EXHIBIT F – STATE COURT NOTICE OF REMOVAL TO FEDERAL COURT**

Derek Davis, Esq. (SBN 243957)
Charles Bolcom (SBN 193762)
COOPER & SCULLY, P.C.
423 Washington Street, Suite 400
San Francisco, CA  94111
Tel:  (415) 956-9700; Fax: (415) 391-0274
Email: derek.davis@cooperscully.com
Email: charles.bolcom@cooperscully.com

Attorneys for Defendants GARFIELD BEACH CVS, L.L.C.
Erroneously sued as CVS PHARMACY, INC., and CVS
CORPORATION, and TARGET CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

| | |
|---|---|
| REMIEL COOPER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CVS PHARMACY,INC., CVS CORPORATION, TARGET CORPORATION, and DOES 1 THROUGH 30 inclusive<br><br>　　　　Defendants. | Case No. CGC-25-630381<br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**<br><br>Date Action Filed: 10/21/2025<br>Trial Date:  None Set |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant GARFIELD BEACH CVS, L.L.C. erroneously sued as CVS PHARMACY, INC. and TARGET CORPORATION, (Defendants) have filed a Notice of Removal of this action in the United States District Court for the Northern District of California, San Francisco Division, on December 5, 2025.  A true and correct copy of said Defendants' Notice of Removal is attached to this Notice as Exhibit "A" and is incorporated herein by reference.

Pursuant to 28 U.S.C. §§ 1441 and 1332 the filing of this Notice shall perfect the removal of this case and this Honorable Court shall proceed no further in this cause unless and until the case is remanded by order of the United States District Court for the Northern District of California, San Francisco Division.

Dated: December 5, 2025.                    COOPER & SCULLY, P.C.

By_____
DEREK DAVIS
State Bar Number: 243957
CHARLES BOLCOM
State Bar Number : 193762
COOPER & SCULLY, P.C.
423 Washington Street, Suite 400
San Francisco, California 94111
Tel: 415-956-9700; Fax: 415-391-0274
Email: derek.davis@cooperscully.com
Email:  charles.bolcom@cooperscully.com

Attorneys for Defendants GARFIELD BEACH
CVS, L.L.C., erroneously sued as CVS
PHARMACY, INC., and TARGET
CORPORATION

33

2

1

PROOF OF SERVICE

2

*Cooper v Garfield Beach CVS, LLC  et al.*

3

4

5

I am a citizen of the United States, over the age of 18 years, and not a party to the above-entitled action.  I am employed in the City and County of San Francisco, California, with the law firm of Cooper & Scully, A Professional Corporation ("firm"), located at 423 Washington Street, Suite 400, San Francisco, California 94111.  On this date I served the following document(s):

6

7

NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 and 1441(B)

8

on the party(ies) identified below, in the following manner:

9

10

11

12

☒    **By First Class Mail.**  I am familiar with the firm's practice for collecting and processing correspondence for mailing with the United States Postal Service.  In the ordinary course of business, correspondence is deposited with the United States Postal Service on the same day such correspondence is collected.  I placed true and correct copies of the document(s) listed above in sealed envelope(s) addressed as shown below and affixed with first-class postage.  I caused such envelope(s) to be collected for mailing in accordance with the firm's ordinary business practice.

13

14

15

16

17

18

19

20

Jonathan E. Gertler
STEBNER GERTLER & GUADAGNI
A PROFESSIONAL LAW CORPORATION
870 Market Street, Suite 1285
San Francisco, CA 94102
Office: (415) 362-9800
Direct: (415) 806-8115
Fax: (415) 362-9801
Email: jon@sgg-lawfirm.com

Attorney for Plaintiff
REMIEL COOPER

21

22

☒    **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

Executed December 5, 2025, at San Francisco, California.

24

25

_____
Sally Pincus

26

27

28

34

3

Notice of Removal to United States District Court Northern District of California – Case CGC-25-630381