Derek Davis (SBN #243957)
Charles Bolcom (SBN 193762)
COOPER & SCULLY, P.C.
423 Washington Street, Suite 400
San Francisco, CA  94111
Tel:  (415) 956-9700; Fax: (415) 391-0274
Email: derek.davis@cooperscully.com
Email: charles.bolcom@cooperscully.com

Attorneys for Defendants GARFIELD BEACH CVS, L.L.C.
Erroneously sued as CVS PHARMACY, INC., and CVS CORPORATION, and TARGET CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMIEL COOPER, | Case No. 3-25-cv-10436 |
| Plaintiff, | |
| vs. | **DEFENDANTS GARFIELD BEACH CVS, L.L.C. AND TARGET CORPORATION'S ANSWER TO COMPLAINT** |
| CVS PHARMACY, INC., CVS CORPORATION, TARGET CORPORATION, AND DOES 1 THROUGH 50 INCLUSIVE, | Date Action Filed:  10/21/2025 |
| | Trial Date:           None Set |
| Defendants. | |

**ANSWER TO COMPLAINT**

COMES NOW Defendants GARFIELD BEACH CVS, L.L.C., erroneously sued as CVS PHARMACY, INC., CVS CORPORATION (hereinafter "Garfield Beach") and TARGET CORPORATION (hereinafter "Target") and collectively ("Defendants"), and answers Plaintiff REMIEL COOPER'S Complaint herein and hereby admits, denies and alleges as follows:

**GENERAL DENIAL**

Pursuant to Federal Rule of Civil Procedure 8(b) Defendants generally deny each allegation contained in Plaintiff's Complaint, except to the extent that specific allegations are expressly admitted or particularly denied as set forth below:

Without assuming any burden of proof and expressly reserving the right to hold Plaintiff to Plaintiff's burden of proof, Defendants assert the following affirmative defenses in support

thereof and alleges as follows:

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a separate and affirmative defense, Defendants allege that Plaintiff's Complaint and the purported cause of action, and each of them, therein, considered separately or as a whole, fail to state a cause of action upon which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

As a separate and affirmative defense, Defendants allege that the Plaintiff's Complaint herein, and each and every purported cause of action of the Complaint, is barred by the applicable Statutes of Limitations, including but not limited to those set forth in sections 335.1, 340(a)-(e), 340.5, 364(a)-(f), and 474, including all subdivisions of the California Code of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault)

As a separate and affirmative defense, Defendants alleges that Plaintiff's alleged injuries and damages, if any, were proximately caused by the negligence, carelessness, and/or fault of Plaintiff and/or others, including firms, persons, corporations, employers, co-employees, or entities other than Defendants, and that such negligence and/or other fault of Plaintiff and/or others comparatively reduces the percentage of any negligence and/or other fault that may be attributed to Defendants.

### FOURTH AFFIRMATIVE DEFENSE

### (Proposition 51)

As a separate and affirmative defense, Defendants allege that the Complaint, and each and every purported cause of action of said Complaint, is subject to the terms and provisions which entitle Defendants to the full benefits and protections provided under California Civil

1  Code section 1431.1, et seq., otherwise entitled The Fair Responsibility Act of 1986 (Proposition
2  51).

### FIFTH AFFIRMATIVE DEFENSE

### (Intervening Cause)

As a separate and affirmative defense, Defendants allege that if the Plaintiff was damaged, which Defendants deny, such damages were caused by unforeseeable, independent, intervening, and/or superseding events for which these Defendants are not legally responsible and are unrelated to any conduct by Defendants such as conduct, actions, negligence or fault of persons and/or entities for whose conduct this answering defendant is not legally responsible, including but not limited to the conduct of the decedent and/or the Plaintiff, which constitutes the sole, intervening, and superseding cause of the damages alleged in the Plaintiff's Complaint.

### SIXTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As a separate and affirmative defense, Defendants allege that Plaintiff expressly and/or impliedly assumed the risks associated with the use of Defendants' products or services or premises, and any recovery should be reduced or barred in accordance with the doctrines of express or implied assumption of risk.

### SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As a separate and affirmative defense, Defendants allege that Plaintiff is barred from recovering some or all of the alleged damages by virtue of Plaintiff's failure to take reasonable, necessary, appropriate, and/or feasible steps to mitigate her alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

### (Civ. Proc. 3333.2)

As a separate and affirmative defense, Defendants allege Plaintiff's damage claims are limited by Civ. Proc. 3333.2, the Medical Injury Compensation Reform Act, which sets limits on the recovery of any party against a health care provider for alleged professional negligence.

//

**NINTH AFFIRMATIVE DEFENSE**

**(Set Off)**

As a separate and affirmative defense, Defendants assert Plaintiff's alleged claims for damages are barred, in whole or in part, to the right of one or more Defendant to a set-off against such damages.

**TENTH AFFIRMATIVE DEFENSE**

**(Ratification)**

As a separate and affirmative defense, Defendants are informed and believes, and based upon said information and belief alleges, that the Plaintiff acknowledged, ratified, consented to and acquiesced in any alleged acts or omissions, if any, of Defendants, barring Plaintiff from any relief as prayed for herein.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Collateral Source)**

As a separate and affirmative defense, Defendants state that in the event Defendants are found to be liable for any economic, non-economic or future damages, they may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to Plaintiff pursuant to the collateral source rule in accordance with the provisions of Civil Code § 3333.1.  Defendants' liability is denied and merely stated herein for the purpose of this affirmative defense.

**TWLEFTH AFFIRMATIVE DEFENSE**

**(California Civil Code section 1714.8)**

As a separate and affirmative defense, Defendants assert that pursuant to the provisions of California Civil Code section 1714.8, they cannot be held liable for injuries caused by the natural course of a disease or condition or injuries which were the natural or expected result of reasonable treatment rendered for the disease or condition.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Learned Intermediary Doctrine)**

As a separate and affirmative defense, Defendants assert they did not breach a legal duty to the Plaintiff on the basis of the Learned Intermediary Doctrine, and Defendants cannot be held

1 liable for Plaintiff's alleged injuries and damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Claims Pre-Empted by Federal Law)

As a separate and affirmative defense, Defendant alleges that Plaintiffs' recovery, if any, should be reduced or barred by reason of the fact that all or some of Plaintiff's claims are pre-empted by any applicable or relevant Federal law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

Defendants hereby give notice that they intend to rely upon any additional affirmative defenses which become available or apparent during discovery and thus reserve the right to amend their answer to assert additional defenses.

## PRAYER

WHEREFORE Defendants pray that the Plaintiff takes nothing against them by reason of Plaintiff's Complaint, and

1. That the Complaint be dismissed.
2. That these Defendants recover their costs of suit incurred.
3. For such other and further relief as the Court may deem just and proper.

Dated: December 5, 2025.                    COOPER & SCULLY, P.C.

By_____
DEREK DAVIS
State Bar Number: 243957
CHARLES BOLCOM
State Bar Number : 193762
COOPER & SCULLY, P.C.
423 Washington Street, Suite 400
San Francisco, California 94111
Tel: 415-956-9700; Fax: 415-391-0274
Email: derek.davis@cooperscully.com
Email: charles.bolcom@cooperscully.com
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on 5th day of December 2025, a true and correct copy this document was served on counsel of record via Eservice as follows:

Jonathan E. Gertler, Esq.,
Stebner, Gertler & Guadagni,
870 Market, Suite 1285,
San Francisco, California 94102;
telephone: 415-362-9800;
direct: (415) 806-8115;
fax: (415) 362-9801;
email: jon@sgg-lawfirm.com.

Attorney for Plaintiff
REMIEL COOPER

*/s/ Charles Bolcom*

DEREK DAVIS
State Bar Number: 243957
CHARLES BOLCOM
State Bar Number : 193762
COOPER & SCULLY, P.C.
423 Washington Street, Suite 400
San Francisco, California 94111
Tel: 415-956-9700; Fax: 415-391-0274
Email: derek.davis@cooperscully.com
Email: charles.bolcom@cooperscully.com
Attorneys for Defendants

PROOF OF SERVICE

*Lucero v CVS et al.*

I am a citizen of the United States, over the age of 18 years, and not a party to the above-entitled action. I am employed in the City and County of San Francisco, California, with the law firm of Cooper & Scully, A Professional Corporation ("firm"), located at 505 Sansome Street, Suite 1550, San Francisco, California 94111. On this date I served the following document(s):

DEFENDANTS' ANSWER TO COMPLAINT

on the party(ies) identified below, in the following manner:

☒ **By First Class Mail.** I am familiar with the firm's practice for collecting and processing correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence is deposited with the United States Postal Service on the same day such correspondence is collected. I placed true and correct copies of the document(s) listed above in sealed envelope(s) addressed as shown below and affixed with first-class postage. I caused such envelope(s) to be collected for mailing in accordance with the firm's ordinary business practice.

> Jonathan E. Gertler, Esq.,
> Stebner, Gertler & Guadagni,
> 870 Market, Suite 1285,
> San Francisco, California 94102;
> telephone: 415-362-9800;
> direct: (415) 806-8115;
> fax: (415) 362-9801;
> email: jon@sgg-lawfirm.com.
>
>
> Attorney for Plaintiff
> REMIEL COOPER

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed December 5, 2025, at San Francisco, California.

*Sally Pincus*
_____
Sally Pincus