**EXHIBIT A**

1  Jonathan E. Gertler (SBN 111531)
**STEBNER GERTLER & GUADAGNI**
2  **A PROFESSIONAL LAW CORPORATION**
870 Market, Suite 1285
3  San Francisco, CA  94102
Office: (415) 362-9800
4  Direct: (415) 806-8115
Fax:    (415) 362-9801
5  jon@sgg-lawfirm.com

6
Glenn Katon (SBN 281841)
7  **KATON.LAW**
385 Grand Avenue, Suite 200
8  Oakland, CA 94610
gkaton@katon.law
9  Office: (510) 463-3350
Fax: (510) 463-3349
10
**ATTORNEYS FOR PLAINTIFF**
11  **REMIEL COOPER**

12

13                    UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
14                      SAN FRANCISCO DIVISION

15  REMIEL COOPER,                          Case No:  3:25-cv-10436-RFL

16              Plaintiff,                  **FIRST AMENDED COMPLAINT**

17  vs.                                     DEMAND FOR JURY TRIAL

18                                          Hon. Rita F. Lin
CVS PHARMACY, INC., GARFIELD
19  BEACH CVS L.L.C. dba CVS
PHARMACY, CVS CORPORATION,
20  TARGET CORPORATION, SANG H.
CHOI, and DOES 1 through 50, inclusive,
21
            Defendants.
22

23         COMES NOW Plaintiff, Taylor "Remiel" Cooper, who files this First Amended

24  Complaint, based upon the following:

25                          **<u>INTRODUCTION</u>**

26         1.     This is a personal injury case in which Plaintiff was seriously injured at a CVS

27  pharmacy in San Francsico after receiving COVID and flu vaccinations.

28

2.     Plaintiff had informed Defendant Sang H. Choi, a CVS pharmacist, of Plaintiff's history of dizziness after receiving vaccinations. Soon after Defendant Choi vaccinated them, Plaintiff became dizzy and sat on the floor with their head down, as they had been advised to do in the past. Defendant Choi directed Plaintiff to get off the floor and move to a chair that had no armrests. Defendant Choi immediately left Plaintiff unattended on the chair and did not ask if they were still experiencing dizziness. Soon after, Plaintiff passed out and struck their head on the floor, causing a brain injury

## **PARTIES**

3.     Plaintiff Taylor "Remiel" Cooper resides in San Francisco, California, and is citizen of the State of California.

4.     CVS Pharmacy, Inc. is, according to the Notice of Removal, a statutory business trust organized under the laws of Rhode Island with its principal place of business in Rhode Island

5.     Garfield Beach CVS L.L.C., doing business as CVS Pharmacy, is a Limited Liability Company formed in California. According to the Notice of Removal, CVS Pharmacy, Inc. is its sole member.

6.     CVS Corporation, also known as CVS Health Corporation, is, according to the Notice of Removal, a Rhode Island corporation with its principal place of business in Rhode Island.

7.     Target Corporation is, according to the Notice of Removal, a Minnesota corporation with its principal place of business in Minnesota.

8.     Sang H. Choi resides in Sunnyvale, California, and is citizen of the State of California. He is a pharmacist licensed by the State of California pursuant to Business & Professions Code § 4200, et seq.

9.     DOES 1 through 50, are individuals and/or business entities whose negligent acts were a substantial factor in causing Plaintiff's harm. Their identities are unknown to Plaintiff. When Plaintiff discovers their true names, they will amend their pleading accordingly.

Plaintiff's First Amended Complaint  Case No. 3:25-cv-10436

**JURISDICTION AND VENUE**

10.     The Court *does not* have jurisdiction over the claims in this First Amended Complaint because the pleading includes Defendant Choi, who, like Plaintiff Cooper, is a citizen of California. Thus, diversity jurisdiction under 28 U.S.C. § 1332, the basis on which the corporate Defendants removed the case, does not exist. Plaintiff, nevertheless, submits this amended pleading pursuant to Local Rule 10-1.

11.     Divisional Assignment. Venue is proper in the San Francisco or Oakland division of this Court because a substantial part of the events or omissions giving rise to the claim occurred in San Francisco County.

**FACTUAL ALLEGATIONS**

12.     At all times herein relevant, Defendant CVS Pharmacy, Inc., Defendant Garfield Beach CVS LLC dba CVS Pharmacy, and Defendant CVS Corporation (collectively, "CVS") were corporations doing business by operating and/or owning a store and pharmacy within a Target Corporation store ("Target"), on property leased and controlled by Target, at the Stonestown Mall, in the City and County of San Francisco, in the State of California.

13.     At all times herein relevant, each of the defendants was acting within the course and scope of its agency/principal relationship with each of the other defendants, and/or within the scope of its joint venture relationship with the other defendants and was authorized to act by each of the other defendants, and each is otherwise responsible for the acts and omissions of the others.

14.     At all times herein mentioned, defendant Target Corporation and Does 1-25 were not licensed medical providers, directly or through its employees. Target Corporation, CVS Pharmacy, Inc., Garfield Beach CVS LLC dba CVS Pharmacy and/or CVS Corporation and Does 1-50 were in a joint partnership to provide pharmacy services to Target customers or to customers who came to the subject Target Store at Stonestown Mall, such as the administration of vaccinations for various viruses or other conditions, including COVID and flu.

15.     At all times herein relevant, Target had an independent obligation and non-delegable duty to provide a safe environment to customers who were in its Stonestown store,

including those present in order to access vaccinations services through the CVS Pharmacy located there. Target had an independent duty to provide appropriate furniture for visitors who needed to safely sit or lie down to recover from the effects of any vaccination, including the well-known and dangerous condition known as syncope, which is particularly known to lead to falls causing serious injuries, especially traumatic brain injury.

16.    At all times relevant, Defendant Target failed to provide appropriate safe recovery furniture, and/or failed to determine what safe recovery furniture was required, and or failed to provide the appropriate safe recovery furniture requested or recommended by CVS Pharmacy, Inc., or its agents, vendors, or joint venturers.

17.    At all times herein mentioned, Defendants CVS Pharmacy, Inc., Garfield Beach CVS LLC dba CVS Pharmacy, CVS Corporation, and Does 1-25, negligently and carelessly supplied, provided, ordered, or recommended, requested or directed that Target provide, recovery furniture which was not safe or suitable for its intended purpose, which was to provide a location for patients suffering from syncope or otherwise needing to recover after vaccination to do so safely without risk of falling.

18.    At all times herein mentioned, Sang H. Choi was a pharmacist licensed under the laws of the State of California, and practicing as a pharmacist in the CVS Pharmacy described herein.

19.    On or about October 24, 2024, Plaintiff Remiel Cooper entered Target to obtain COVID and flu vaccinations at the CVS located there. Plaintiff proceeded to the CVS Pharmacy, and Defendant Sang H. Choi, a licensed pharmacist, performed an intake process with Plaintiff, during which Plaintiff advised Defendant Choi in response to a question regarding previous reactions to vaccinations that they had a history of becoming dizzy (known as "syncope") following vaccinations.

20.    Thereafter, the CVS pharmacist, Sang H. Choi, administered COVID and flu vaccinations to Plaintiff, while they were sitting in an upright rather than reclining chair, with no armrests. Following the vaccination, Plaintiff remained in the chair alone very briefly and was then summoned to the pharmacy counter for a post-vaccination discussion. While at the counter,

Plaintiff felt and reported dizziness. They sat on the floor with their head down, as they'd previously been advised to do if suffering syncope after a vaccination. Defendant Choi directed Plaintiff to rise from the floor despite Plaintiff's continuing syncope. Defendant Choi then led Plaintiff back to the chair in which the vaccinations had been administered. Plaintiff was still feeling dizzy as Plaintiff sat down. The pharmacist left Plaintiff without asking whether Plaintiff was still dizzy. Almost immediately thereafter, Plaintiff passed out, and on information and belief, fell off the chair sideways, suffering a traumatic impact with their head striking the floor. Plaintiff thereby suffered a traumatic brain injury, causing the injuries and damages alleged herein.

21. By reason of the premises, CVS Pharmacy, Inc., Garfield Beach CVS LLC dba CVS Pharmacy, CVS Corporation and the pharmacist, Defendant Choi, were negligent in the manner in which they 1) failed to take precautions that would prevent Plaintiff or others from falling and sustaining injury, especially head injury; 2) mismanaged Plaintiff's syncope after the vaccination, including but not limited to, instructing Plaintiff to arise from their place of safety on the floor and instructing them to sit in an unsafe chair while they were still suffering syncope; 3) leaving Plaintiff alone in a chair not safe or suitable for a patient recovering from syncope rather than staying with them to assure their safety; 4) failing to provide a safe place for a person experiencing syncope to recover safely without risk of falling; 5) and such other and further negligent acts or omissions as may be alleged after the true nature of said acts and omissions are finally ascertained. Said defendants thereby proximately and legally caused Plaintiff's injuries and damages as are herein alleged.

10. By reason of the premises, Target Corporation breached its duty of reasonable care and is liable as a joint venturer with CVS Pharmacy, Inc., Garfield Beach CVS LLC dba CVS Pharmacy and/or CVS Corporation, causing the injuries and damages set forth hereinbelow.

11. By reason of the premises, Plaintiff Remiel Cooper sustained injury to their brain, causing cognitive impairment, chronic headache, post-concussion syndrome, and other injuries and damages as yet unascertained. Plaintiff will seek to amend this complaint when the true extent of damages is finally ascertained.

12. By reason of the premises, Plaintiff Remiel Cooper has suffered loss of mental capacity, loss of earning capacity, loss of earnings and future earnings, and incurred medical and other expenses. These conditions and losses will continue in the future.

13. By reason of the premises, Plaintiff Remiel Cooper has suffered pain and suffering, loss of enjoyment, and other items of non-economic damage.

**FIRST CAUSE OF ACTION – ORDINARY NEGLIGENCE**
(As To All Named Defendants and Does 1-50)

14. Plaintiff repeats and realleges each paragraph set forth above as if in set forth in full herein and incorporates by reference said allegations herein.

15. By reason of the premises, Defendants are liable for damages caused by their ordinary negligence as alleged above, which caused the injuries and damages alleged above.

**SECOND CAUSE OF ACTION – MEDICAL NEGLIGENCE**
(As To Defendants Sang H. Choi, CVS Pharmacy, Inc. and Does 26-50)

16. Plaintiff repeats and realleges each paragraph set forth above as if set forth at length herein and incorporates by reference said allegations herein.

17. By reasons of the premises, Defendants Sang H. Choi, CVS Pharmacy, Inc. and Does 1-50 breached the applicable standard of care for the safe administration of vaccinations and post-vaccination recovery, and are liable for medical negligence, causing the injuries and damages hereinabove alleged.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands trial by jury.

1    WHEREFORE, comes now Plaintiff and prays for relief as follows:

2    1.   For economic damages according to proof;

3    2.   For non-economic damages according to proof;

4    3.   For such other and further relief in favor of Plaintiff as is just and proper.

5

6                          Respectfully submitted,

7                          KATON.LAW

8                          /s/ Glenn Katon
                           Glenn Katon

9                          and

10                         STEBNER GERTLER & GUADAGNI
                           A PROFESSIONAL LAW CORPORATION
11                         Jonathan E. Gertler

12                         **COUNSEL FOR PLAINTIFF
                           REMIEL COOPER**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's First Amended Complaint  Case No. 3:25-cv-10436