Jonathan E. Gertler (SBN 111531)
**STEBNER GERTLER & GUADAGNI**
**A PROFESSIONAL LAW CORPORATION**
870 Market, Suite 1285
San Francisco, CA 94102
jon@sgg-lawfirm.com
Office: (415) 362-9800
Direct: (415) 806-8115
Fax: (415) 362-9801

Glenn Katon (SBN 281841)
**KATON.LAW**
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
Office: (510) 463-3350
Fax: (510) 463-3349

**ATTORNEYS FOR PLAINTIFF
REMIEL COOPER**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| REMIEL COOPER,<br><br>  Plaintiff,<br><br> v.<br><br>CVS PHARMACY, INC., CVS CORPORATION, TARGET CORPORATION, and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No.  3:25-cv-10436-RFL<br><br>**PLAINTIFF'S NOTICE AND MOTION TO REMAND**<br><br>Hearing:  Feb. 24, 2026, at 10:00 a.m. |

**PLEASE TAKE NOTICE** that on February 24, 2026, at 10:00 a.m., Plaintiff Remiel Cooper will and hereby does move the Court to remand this case to the Superior Court of the State of California, County of San Francisco. The hearing will be before the Hon. Rita F. Lin, Courtroom 15 - 18th Floor, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102.

1  Plaintiff Cooper seeks remand of this case to state court, based on the proposed joinder of Sang H. Choi, a nondiverse defendant. Plaintiff recently identified Choi as the pharmacist who vaccinated Plaintiff, then, knowing Plaintiff had a history of syncope following vaccinations, moved Plaintiff, who was having a syncope episode, from the relatively safe position sitting on the floor, to a dangerous position sitting unaccompanied on a chair without armrests. Plaintiff promptly passed out and fell off the chair, striking their head against the floor and causing serious injury. The addition of Choi will destroy diversity between the parties and deprive the court of subject-matter jurisdiction, requiring remand to the state court from which the case was removed. Plaintiff has moved separately to amend the Complaint to add Choi, though the analysis of the propriety of such amendment is provided here because the remand statute provides the standard for amendment in these circumstances.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Table of Contents**

I. INTRODUCTION .................................................................................................................. 1

II. FACTS .................................................................................................................................... 2

III. ANALYSIS ............................................................................................................................. 3

   A. Legal Standard ................................................................................................................. 3

   B. The Six-Factor Analysis Favors Remand ........................................................................ 4

   C. Amendment Is Not Futile ................................................................................................. 9

IV. CONCLUSION ..................................................................................................................... 10

**Table of Authorities**

**CASES**

*Bakshi v. Bayer Healthcare*, LLC, No. C07-00881 CW, 2007 WL 1232049
 (N.D. Cal. Apr. 26, 2007) ...................................................................................................... 4

*Boon v. Allstate Ins. Co.*, 229 F. Supp.2d 1016 (C.D. Cal. 2002) ................................................. 5

*Burch v. Ford Motor Co.*, 758 F. Supp.3d 1092 (N.D. Cal. 2024) ................................................ 4

*California-Am. Water Co. v. Marina Coast Water Dist.*, 86 Cal. App. 5th 1272,
 303 Cal. Rptr. 3d 227 (2022) ................................................................................................. 5

*Carrasco v. Costco Wholesale Corp.*, Case No. 23-cv-03704-SI,
 2023 WL 6796014 (N.D. Cal. Oct. 13, 2023) .................................................................... 4, 6

*Chan v. Bucephalus Alternative Energy Grp., LLC*, No. C 08-04537 JW,
 2009 WL 1108744 (N.D. Cal. Apr. 24, 2009) ........................................................................ 5

*Chavolla v. Darling Ingredients Inc.*, No. 2:25-CV-01031-DAD-SCR, 2025 WL
 3771349 (E.D. Cal. Dec. 31, 2025) ........................................................................................ 6

*Cross v. Kellwood Retail Group*, No. C 08-5075 PJH, 2009 WL 250454
 (N.D. Cal. Feb. 3, 2009) ......................................................................................................... 3

*Davis v. Wal-Mart Stores, Inc.*, No. 2:16-cv-9480-JFW (AJWx),
 2017 WL 499595 (C.D. Cal. Feb. 6, 2017) ............................................................................ 8

*Diaz v. Carcamo*, 51 Cal. 4th 1148, 253 P.3d 535 (2011) ............................................................ 8

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ........................................................................ 3

*Great Am. Ins. Co. v. Spherion Pac. Workforce, LLC*, Case No. 16-cv-00986-JST,
 2016 WL 4423378 (N.D. Cal. Aug. 22, 2016) ............................................................... 3, 4, 5

*Greer v. Lockheed Martin*, No. CV 10-1704 JF HRL, 2010 WL 3168408
 (N.D. Cal. Aug. 10, 2010) .................................................................................................. 5, 6

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*,
 125 F. Supp.2d 1008 (N.D. Cal. 2000) .............................................................................. 5, 7

*Leroy W. v. Costco Wholesale Corp.*, No. LA CV20-04265 JAK,
 2020 WL 7023777 (C.D. Cal. 2020) ...................................................................................... 6

*Lopez v. Target Corp.*, No. 25-CV-07595-JCS, 2025 WL 3022902
 (N.D. Cal. Oct. 29, 2025) .................................................................................................. 4, 6

*Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998) ....................................................... 4

*Norgart v. Upjohn Co.*, 21 Cal.4th 383, 87 Cal.Rptr.2d 453,
 981 P.2d 79 (1999) ................................................................................................................. 9

*Pacheco v. Home Depot U.S.A., Inc.*, No. 24-CV-05590-EKL,
 2025 WL 314146 (N.D. Cal. Jan. 28, 2025) .......................................................................... 8

## Table of Authorities (Cont.)

### Cases (Cont.)

*Stevens v. Brink's Home Security, Inc.*, 378 F.3d 944 (9th Cir. 2004) .......................................... 4

*Trotman v. United Parcel Serv.*, No. C-96-1168-VRW, 1996 WL 428333
    (N.D. Cal. July 16, 1996) ....................................................................................................... 7

*West v. Costco Wholesale Corp.*, Case No. LA CV20-04265 JAK, 2020 WL
    7023777  (C.D. Cal. Nov. 11, 2020) ..................................................................................... 6

### STATUTES

28 U.S.C. § 1332 ............................................................................................................................ 3

28 U.S.C. § 1441 ....................................................................................................................... 3, 4

28 U.S.C. § 1447(e) ............................................................................................................... 4, 5, 7

Civil Code § 1431.2 ....................................................................................................................... 9

Civil Code § 1431.2(a) ................................................................................................................... 9

Civil Code § 1714 .......................................................................................................................... 8

Code of Civil Procedure § 340.5 ................................................................................................ 6, 9

Code of Civil Procedure § 474 ...................................................................................................... 9

Labor Code § 2802 ........................................................................................................................ 8

Labor Code § 2802a ...................................................................................................................... 8

### OTHER AUTHORITIES

Federal Rules of Civil Procedure, Rule 15 .................................................................................... 3

Federal Rules of Civil Procedure, Rule 15(c) ............................................................................... 9

Federal Rules of Civil Procedure, Rule 19 .................................................................................... 5

Federal Rules of Civil Procedure, Rule 19(a) ............................................................................... 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

When Plaintiff Cooper filed their personal injury Complaint in state court, they did not know the name of the pharmacist who vaccinated them and negligently managed their post-vaccination syncope, causing a brain injury as alleged in the complaint. The pharmacist, who Plaintiff had advised of their history of syncope following vaccinations, moved Plaintiff from sitting on the floor to sit on a chair without armrests while Plaintiff was having a syncope episode. Plaintiff had been advised previously to sit on the floor when having syncope to reduce the chance of injury by falling. The pharmacist left Plaintiff alone on the chair and Plaintiff promptly passed out, falling from the chair and striking their head on the floor, causing serious injury.

Because Plaintiff could not list the pharmacist by name in their Complaint, they listed Does 1 through 50, and described the pharmacist's acts and omissions of negligence in five specific allegations in the Complaint. About two months after filing the Complaint, Plaintiff learned of the name of Sang H. Choi, the California licensed pharmacist whose actions are described in the Complaint. By that point, Defendants had removed the case from state court to this Court. Because Plaintiff alleged Choi's actions and omissions as a Doe defendant in the Complaint when they did not know his name, the Court should grant leave for Plaintiff to add him as a defendant. If Plaintiff cannot add Choi in this case, they will have to sue him in state court, resulting in duplicative litigation and possibly inconsistent judgments. If the Court were to deny Plaintiff 's Motion to Remand and they are unable to sue Choi in state court, Plaintiff will lose their claim against him forever, lose the ability to recover in the federal case for the noneconomic damages he caused, and risk not being able to call him to testify live at trial if he moves beyond the subpoena power of the Court.

For these reasons, the Court should grant Plaintiff's Motion to Amend the Complaint to add Choi as a defendant and remand the case to state court.

## II. FACTS

On October 24, 2024, Plaintiff went to the CVS Pharmacy located inside the Target at the Stonestown Mall in San Francisco to receive COVID and flu vaccinations. ECF 1, ¶¶ 7-8, at 11 of 34. Plaintiff filled out a form during the intake process indicating that they had had reactions to vaccinations in the past, including syncope, which is dizziness and fainting. *Id*. ¶ 7. The pharmacist, whom Plaintiff later learned was Sang H. Choi, the proposed defendant, administered the vaccinations, after which they became dizzy. Plaintiff then sat on the floor with their head down, as they had previously been advised to do if suffering syncope after a vaccination, in order to prevent falling and suffering a serious injury. *Id*. ¶ 8. However, the pharmacist directed Plaintiff off the floor and instead to sit on a chair in the pharmacy area. The chair had no armrests and the pharmacist promptly left, without asking Plaintiff whether they were still dizzy. *Id*. Plaintiff was still dizzy and immediately passed out. Plaintiff fell off the chair, striking their head on the floor, and sustaining a traumatic brain injury.

Plaintiff filed their Complaint in the Superior Court of California, San Francisco County, on October 21, 2025. At that time, Plaintiff did not know the name of the pharmacist who had given them the vaccinations and moved them from the floor to the chair. Cooper Decl. ¶ 6. The Complaint did, however, allege several specific acts and omissions by the pharmacist that caused Plaintiff harm, as indicated below (emphasis added).

- "Plaintiff advised *said pharmacist* or pharmacist assistant in response to a question regarding previous reactions to vaccinations that she had a history of becoming dizzy (known as "syncope") following vaccinations." ECF 1, at 11 of 34 (¶ 7).

- "Thereafter, *the CVS pharmacist* administered COVID and flu vaccinations to Plaintiff, while he was sitting in an upright chair, with armrests." *Id*. ¶ 8.

- After reporting dizziness, Plaintiff "sat on the floor with her head down, as she'd previously been advised to do if suffering syncope after a vaccination. *The pharmacist* directed Plaintiff to arise from the floor despite Plaintiff's continuing syncope." *Id*.

- "Plaintiff was then directed by *the pharmacist* back to a different chair, upright and with no armrests. Plaintiff was still feeling dizzy as she sat down in this chair." *Id*.

- "*The pharmacist* immediately left Plaintiff without asking whether Plaintiff was still dizzy. Almost immediately thereafter, Plaintiff fainted and fell off the chair sideways, suffering a traumatic impact with the upper side and front of his heading striking the floor." *Id*.

PLAINTIFF'S NOTICE AND MOTION TO REMAND Case No. 3:25-cv-10436-RFL                                      Page 2

1   The Complaint also listed as Defendants Does 1 through 50 in the caption and in the body of the
2   pleading. They include Doe defendants who "breached the applicable standard of care for the safe
3   administration of vaccinations and postvaccination recovery, and are liable for medical
4   negligence, causing the injuries and damages hereinabove alleged." *Id*. ¶ 17.
5       On December 5, 2025, Defendants removed this case to federal court, asserting subject-
6   matter jurisdiction based upon diversity of the parties under 28 U.S.C. § 1332.

**III.    ANALYSIS**

    **A.    <u>Legal Standard</u>**

Federal courts are courts of limited jurisdiction. The removal statute, 28 U.S.C. § 1441, is, therefore, strictly construed and any doubt as to the appropriateness of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

When amending a complaint to add a defendant who will destroy diversity jurisdiction, Federal Rule of Civil Procedure 15, which normally governs amendment of the pleadings, does not apply. *Great Am. Ins. Co. v. Spherion Pac. Workforce, LLC*, Case No. 16-cv-00986-JST, 2016 WL 4423378 *2 (N.D. Cal. Aug. 22, 2016); *Cross v. Kellwood Retail Group*, No. C 08-5075 PJH, 2009 WL 250454 *3 (N.D. Cal. Feb. 3, 2009). Instead, "a district court must scrutinize a proposed diversity-destroying amendment to ensure that it is proper" under 28 U.S.C. § 1447. *Bakshi v. Bayer Healthcare*, LLC, No. C07-00881 CW, 2007 WL 1232049, at *2 (N.D. Cal. Apr. 26, 2007). Subsection (e) of that statute provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

The statute is "couched in permissive terms and the decision whether to permit or deny joinder of a diversity-destroying defendant is left to the district court's discretion." *Carrasco v. Costco Wholesale Corp.*, Case No. 23-cv-03704-SI, 2023 WL 6796014, at *1 (N.D. Cal. Oct. 13, 2023) (quoting *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)). Courts in this District apply a six-factor test to determine whether joinder and remand are proper:

> (1) whether the new defendants should be joined under [Rule] 19(a) as 'needed for just adjudication'; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been

unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Great American*, 2016 WL 4423378 *2 (citations omitted); *Lopez v. Target Corp.*, No. 25-CV-07595-JCS, 2025 WL 3022902, at *2 (N.D. Cal. Oct. 29, 2025). The six-factor test allows for flexible application, with courts noting that "[a]ny of the factors might prove decisive, and none is absolutely necessary." *Burch v. Ford Motor Co.*, 758 F. Supp.3d 1092, 1098 (N.D. Cal. 2024) (cleaned up). Once joinder is permitted, remand is mandatory. *See Stevens v. Brink's Home Security, Inc.*, 378 F.3d 944, 949 (9th Cir. 2004).

As described fully below, all six factors the Court must weigh when deciding whether to grant Plaintiff's amendment and remand the case militate in favor of remand.

### B. The Six-Factor Analysis Favors Remand

*Factor (1): Pharmacist Choi is needed for just adjudication and he would be joined under Rule 19(a).*

Rule 19(a) provides a two-prong test to determine when a person must be joined as a party if feasible. A person must be joined if either: (1) in that person's absence, the court cannot accord complete relief among existing parties; or (2) that person claims an interest relating to the subject of the action and disposing of the action in the person's absence may impair the person's ability to protect that interest or leave existing parties subject to inconsistent obligations. While courts consider whether a party would meet the Rule 19 standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under Rule 19. *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp.2d 1008, 1011-12 (N.D. Cal. 2000) (internal citations omitted).

"Courts that have approved discretionary joinder look at least for a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action." *Great American*, 2016 WL 4423378, at *3 (quoting *Boon v. Allstate Ins. Co.*, 229 F. Supp.2d 1016, 1022 (C.D. Cal. 2002)). Thus, courts have found a party to be necessary under Rule 19(a) when its conduct forms an essential part of the plaintiff's causes of action. *Id.*; *Greer v. Lockheed Martin*, No. CV 10-1704 JF HRL, 2010 WL 3168408, at *5 (N.D. Cal. Aug. 10, 2010) ("As in

1  *IBC Aviation Servs., Inc.*, the named individual defendants are alleged to have been the principal
2  actors on behalf of the employer, and their conduct is the primary basis for Plaintiff's first,
3  second, and fourteenth claims for relief."); *Chan v. Bucephalus Alternative Energy Grp., LLC*,
4  No. C 08-04537 JW, 2009 WL 1108744, at *4 (N.D. Cal. Apr. 24, 2009) ("Kim's conduct is the
5  primary basis for each of Plaintiff's causes of action, and, with respect to at least Plaintiff's tort
6  claims, Kim could be jointly and severally liable with BAEG."); *IBC Aviation*, 125 F. Supp. 2d at
7  1012 ("Plaintiff asserts that Mr. Connolly was the principal person responsible for the acts
8  underlying its claim against Mexicana and AeroMexpress.").

9  Here, as in the cases cited above where the court granted amendment and remand,
10 proposed defendant Choi committed the main negligent acts and omissions upon which Plaintiff's
11 claims are based. Choi is the pharmacist who administered the vaccines to Plaintiff and, after
12 having been informed by Plaintiff that they had suffered from syncope post-vaccination in the
13 past, personally directed Plaintiff to move to a dangerous position that precipitated their fall and
14 injury. Choi's conduct is, therefore, "an essential part" of Plaintiff's case. This is true regardless
15 of whether one of the corporate defendants may be liable for his actions by respondeat superior.
16 Indeed, it is common for courts to allow joinder of a nondiverse employees and thereby defeat
17 diversity jurisdiction. *See, e.g. Lopez*, 2025 WL 3022902, at *4; *Carrasco*, 2023 WL 6796014, at
18 *2; *Leroy W. v. Costco Wholesale Corp.*, No. LA CV20-04265 JAK, 2020 WL 7023777 (C.D.
19 Cal. 2020).

20 Accordingly, this factor weighs heavily in favor of joinder.

21 *Factor (2): It Is Unclear Whether the Statute of Limitations Would Preclude an Original Action*
22 *Against the New Defendant in State Court*

23 It is unclear whether Plaintiff would be able to bring an original action against Choi in
24 state court if this Court denies amendment and remand. Plaintiff's claims for medical negligence
25 accrued at the earliest[1] on October 24, 2024, and the statute of limitations for that claim is one

---

27 [1] To the extent the accrual of the claim is disputed for purposes of the statute of limitations, that is
    a question of fact for the jury. *See California-Am. Water Co. v. Marina Coast Water Dist.*, 86 Cal.
28 App. 5th 1272, 1302, 303 Cal. Rptr. 3d 227, 250 (2022) (citing *Jefferson v. County of Kern*
    (2002) 98 Cal.App.4th 606, 611, 120 Cal.Rptr.2d 1.)

1  year. *See* C.C.P. § 340.5. Plaintiff filed their Complaint in state court on October 21, 2025. ECF
2  1, at 9 of 34. As set forth below in the section on the relation back of claims against putative
3  defendant Choi, Plaintiff asserts that their claim against Choi relates back to the original
4  complaint. If this Court denies joinder based upon its exercise of discretion, rather than rejecting
5  Plaintiff's relation-back argument, it is impossible to say whether the state court will accept that
6  argument and permit the filing of a separate complaint against Choi as Plaintiff believes it should.
7  Plaintiff could find no authority on this point. If the state court were to reject the relation-back
8  argument on remand, Plaintiff's claim against Choi could be lost forever.

        Accordingly, this factor of the six-part test favors Plaintiff.

*Factor (3): There Is No Unexplained Delay in Requesting Joinder*

        There has been no delay in Plaintiff's filing of the instant motion. Defendants removed the case on December 5, 2025, and Plaintiff has moved to amend and remand a little over a month later, before any proceedings have occurred in the case. This time period is in keeping with other cases in which requests to amend were found to be timely. *See Chavolla v. Darling Ingredients Inc.,* No. 2:25-CV-01031-DAD-SCR, 2025 WL 3771349, at *5 (E.D. Cal. Dec. 31, 2025) (motion to amend timely when filed just over three months after filing original complaint and less than two months after removal); *Greer v. Lockheed Martin*, No. CV 10-1704 JF HRL, 2010 WL 3168408, at *6 (N.D. Cal. Aug. 10, 2010) (request filed approximately seven weeks after removal was timely); *see also West v. Costco Wholesale Corp.*, Case No. LA CV20-04265 JAK, 2020 WL 7023777 *5, (C.D. Cal. Nov. 11, 2020) (motion to add defendant and remand timely when made before deadline to amend pleadings in scheduling order).

        Accordingly, this factor favors joinder.

*Factor (4): Plaintiff's Purpose Is Not Solely to Defeat Jurisdiction*

        "The legislative history to § 1447(e) ... suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion." *IBC Aviation*, 125 F. Supp. 2d at 1012 (quoting *Trotman v. United Parcel Serv.*, No. C-96-1168-VRW, 1996 WL 428333 *1 (N.D. Cal. July 16, 1996)). In *IBC Aviation*, the court

declined to impute an improper motive to the plaintiff simply because the plaintiff sought to add a nondiverse defendant post-removal. *Id*. This Court should also decline to impute such a motive.

Plaintiff's purpose in adding Choi is not solely to defeat diversity jurisdiction because the Complaint makes specific allegations against the pharmacist, who did the intake on Plaintiff at the pharmacy and learned of their history of syncope following vaccinations (¶ 7), vaccinated Plaintiff for COVID and flu (¶ 8), then after Plaintiff reported dizziness and sat on the floor with their head down, directed Plaintiff to get up off the floor to sit in a chair without armrests (¶ 8). Compl. (ECF 1, at 11 of 34). The pharmacist immediately left Plaintiff without asking if they were still dizzy, after which Plaintiff fell off the chair and struck their head on the floor. *Id*. The Complaint leaves no room for doubt that Plaintiff seeks to hold the pharmacist – now known to be Choi – accountable for his negligence. Indeed, it lists the negligent parties as "CVS Pharmacy, Inc. and CVS Corporation *and the pharmacist*" then lists their negligent actions. *Id*. (emphasis added).

The Complaint includes Doe defendants who "breached the applicable standard of care for the safe administration of vaccinations and postvaccination recovery, and are liable for medical negligence, causing the injuries and damages hereinabove alleged." *Id*. ¶ 17. Plaintiff is not seeking to add Choi now solely to defeat diversity jurisdiction because Plaintiff has, in effect, already sued Choi in the state court Complaint as the licensed pharmacist who breached the standard of care, except that Plaintiff did not know the name of the pharmacist at the time of the filing.[2]

Accordingly, this factor strongly favors joinder.

*Factor (5): Plaintiff's Claims Against the New Defendant Are Valid*

It is beyond peradventure that Plaintiff's claims against Choi are valid as pled. Plaintiff alleges that Choi was the pharmacist who vaccinated Plaintiff and, after Plaintiff told him of past episodes of dizziness after vaccination, directed them off the floor where they sat, which is

---

[2] The Complaint has a scrivener's error at ¶ 3, referring to Does 1-50 as "not licensed medical providers." The rest of the pleading makes clear, however, that the Doe defendants do include those who "provide pharmacy services … including the administration of vaccines (¶ 3)," and who committed medical negligence by breaching "the applicable standard of care for the safe administration of vaccinations and postvaccination recovery (¶ 17)."

1  exactly where they should have remained, put them in a chair with no armrests, and left them
2  unattended. Thus, when Plaintiff passed out soon thereafter, they fell from a much more
3  dangerous position.
4      Assuming Choi is an employee of one of the corporate defendants rather than an
5  independent contractor, his employer should have a duty to indemnify Choi under Labor Code
6  § 2802. But "[s]ection 2802 is not a doctrine of immunity," and whether a defendant employer
7  has a duty to defend and indemnify its employee has no bearing on whether it may or may not,
8  under settled California law, be held liable. *Pacheco v. Home Depot U.S.A., Inc.*, No. 24-CV-
9  05590-EKL, 2025 WL 314146, at *3 (N.D. Cal. Jan. 28, 2025) (quoting *Davis v. Wal-Mart
10  Stores, Inc.*, No. 2:16-cv-9480-JFW (AJWx), 2017 WL 499595, at *5 (C.D. Cal. Feb. 6, 2017)).
11  The relevant question is whether the nondiverse employee could be liable, and section 2802(a)
12  does not preclude an employee's liability. *Id.*; *see also* Civ. Code § 1714 (everyone is responsible
13  for their own negligence); *Diaz v. Carcamo*, 51 Cal. 4th 1148, 1151, 253 P.3d 535, 538 (2011)
14  (plaintiff can sue driver as well as employer).
15      Accordingly, this factor weighs strongly in Plaintiff's favor.

*Factor (6): Denial of Joinder Will Prejudice Plaintiff*

17  "Courts find this factor weighs in favor of joinder if the Court were to deny plaintiff's
18  motion for leave to amend, plaintiff would be required to pursue two substantially similar
19  lawsuits in two different forums—an action against defendant before this Court and an action
20  against proposed defendants in California state court." *Burch*, 758 F. Supp.3d at 1101 (cleaned
21  up). As the main person who committed the tortious acts upon which Plaintiff's claims are based,
22  denying amendment to add Choi in this case would require litigation of the same facts in separate
23  cases in federal and state court. This is precisely the prejudice Factor (6) seeks to avoid.
24      In addition, Defendants have asserted an affirmative defense under Proposition 51, which
25  is California Civil Code § 1431.2. *See* Answer, ECF 3, at 2-3. Prop 51 limits liability for
26  noneconomic damages such that "[e]ach defendant shall be liable only for the amount of non-
27  economic damages allocated to that defendant in direct proportion to that defendant's percentage
28  of fault." Civ. Code § 1431.2(a). That makes noneconomic liability joint rather than joint and

1  several. Although Plaintiff does not believe that Proposition 51 should limit Defendants' liability
2  here, if Defendants prevail on their affirmative defense and Choi is not a defendant, Plaintiff
3  would not be able to recover noneconomic damages for which Choi is responsible, which would
4  be a grave injustice.

5  Finally, if Choi is not made a party to the case and before trial he relocates outside the
6  jurisdictional reach of the Court, Plaintiff will be unable to require his live trial testimony on the
7  most important questions of liability in the case. Plaintiff should not be forced to risk such severe
8  prejudice.

9  Accordingly, this factor also weighs strongly in Plaintiff's favor.

### C. Amendment Is Not Futile

The statute of limitations for medical negligence is one year and Plaintiff's claim against Defendants accrued no earlier than October 24, 2024. Nevertheless, Plaintiff's motion to add Choi now is not futile. Rule 15(c) provides that: "An amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back." California Civil Procedure provides the applicable statute of limitations here. *See* C.C.P. § 340.5. That code allows a plaintiff to sue Doe defendants and when their true names are discovered, to amend their pleading accordingly. *See* C.C.P. § 474.

A plaintiff has three years to identify the unknown defendant, amend the complaint accordingly, and effect service of the complaint. *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 87 Cal.Rptr.2d 453, 981 P.2d 79, 89 (1999). This process can be used to enlarge the limitations period because an untimely amended complaint may "relate back" to the initial timely filed complaint *Id*.

Here, Plaintiff did not know the name of the pharmacist at the time the Complaint was filed. Cooper Decl. ¶ 6. They did not discover the name of the pharmacist until on or about December 26, 2025. *Id*. ¶ 7. Plaintiff may, therefore, add Choi to the pleading now, and the claim against him relates back to the filing of the Complaint on October 21, 2025.

IV. CONCLUSION

For all the foregoing reasons, the Court should grant Plaintiff's Motion to Remand this case to the Superior Court of California, San Francisco County, from which it was removed.

Respectfully submitted,

KATON.LAW

/s/ Glenn Katon
Glenn Katon

and

STEBNER GERTLER & GUADAGNI
A PROFESSIONAL LAW CORPORATION
Jonathan E. Gertler

**COUNSEL FOR PLAINTIFF
REMIEL COOPER**